IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03416-JLK-NYW

BRANDON BAKER,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., and
BLUE FEDERAL CREDIT UNION,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Kane, J.

    This case was reassigned to me after Judge R. Brooke Jackson disclosed that either he or his wife held financial interests in Defendant Wells Fargo Bank, N.A. ("Wells Fargo") during the time he presided over the case. In 2020, Judge Jackson stayed the case as to Plaintiff Brandon Baker's claims against Wells Fargo. That same year, he dismissed the claims against Defendant Blue Federal Credit Union ("Blue FCU"), entering final judgment against Mr. Baker.

    In response to Judge Jackson's disclosure of the grounds for disqualification, Mr. Baker requests reversal of particular rulings made by Judge Jackson as well as the opportunity to relitigate his claims. For the reasons stated in this Order, I find that vacatur of Judge Jackson's orders and judgment is inappropriate because there was no prejudicial error in the judgment or rulings against Mr. Baker.

    Approximately two years ago, Mr. Baker filed nearly identical lawsuits against Defendants in state and federal court. The state court action was removed to this Court, and the cases were consolidated. When Blue FCU failed to respond to the federal complaint within the

21-day response period, Mr. Baker moved for default judgment. The motion was denied due to the absence of an entry of default by the Clerk of the Court. Mr. Baker's Motion for Reconsideration was also denied. Mr. Baker appealed, but his appeal was dismissed for lack of jurisdiction because the denials of default judgment were not final decisions under 28 U.S.C. § 1291.

In his complaints, Mr. Baker alleged, *inter alia*, that Wells Fargo and Blue FCU had violated his constitutional rights by discriminating against him based on his religious beliefs. Wells Fargo asserted that Mr. Baker was required to seek relief through arbitration due to binding arbitration agreements. *See* Letter Regarding Anticipated Mot. to Dismiss at 2, ECF No. 21. When Mr. Baker agreed to arbitrate his claims against Wells Fargo, Judge Jackson stayed all such claims pending arbitration. *See* 2/12/2020 Order, ECF No. 29.

The claims against Blue FCU proceeded differently: Blue FCU filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), contending Mr. Baker failed to state a claim upon which relief can be granted because no express or implied cause of action supported any of his claims. *See* Mot. to Dismiss at 5, ECF No. 30. Blue FCU's Motion was referred to Magistrate Judge Wang who recommended the Motion be granted due to lack of subject matter jurisdiction as well as failure to state a cognizable claim. Recommendation of U.S. Magistrate Judge at 15, ECF No. 52.

The Recommendation advised Mr. Baker that "[w]ithin fourteen days after service . . . any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado," and it explained the consequences for failing to do so. *Id*. at 15 n.10. Mr. Baker did not object to the Magistrate Judge's proposed findings and recommendations within the fourteen-day

objection period. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Judge Jackson found no clear error in the Recommendation and adopted it as his findings and conclusions.

On November 9, 2021, the Clerk of this Court notified the parties of Judge Jackson's grounds for disqualification, explaining that the Wells Fargo funds ownership "would have required recusal under the Code of Conduct for United States Judges." Letter from Clerk at 1, ECF No. 56. Indeed, the Code of Conduct provides: "A judge should . . . act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Code of Conduct for United States Judges, Canon 2(A). This provision is advisory and admonitory as reflected in the word "should." More to the point, and binding as a matter of law, is the statutory provision, 28 U.S.C. § 455(a) which states "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The word "shall" makes this statute mandatory rather than advisory. Section (a) can be violated without knowledge of a disqualifying circumstance, though a "judge's lack of knowledge . . . may bear on the question of remedy." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 859 (1988).

Section 455(b) specifically compels a judge to also disqualify himself if either he or his spouse "has a financial interest . . . in a party to the proceeding." It matters not how small the ownership interest is, or how trivial it might be in the context of the judge's financial affairs, as § 455(b) applies to any financial interest, "however small." *Id*. § 455(d)(4). Additionally, 28 U.S.C. § 455(c) states: "A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse."

3

Pursuant to these provisions, Judge Jackson should have recused from this case upon its assignment to him without taking any other action beforehand. Nevertheless, he recused once the ownership of Wells Fargo funds was brought to his attention. Order of Recusal, ECF No. 60.

The Clerk's letter regarding the grounds for recusal invited a response and assured the parties that any response would be considered by another judge. Each of the parties has submitted a response. Defendants request that I take no action (ECF Nos. 55, 58). Mr. Baker moves for a "reversal of the denial of default judg[]ment as well as a new trial to re[]litigate any/all elements and issues . . . related to these contract claims." Plaintiff's Resp. to Letter from Clerk at 6, ECF No. 57 (capitalization omitted).

In *Liljeberg*, the Supreme Court clarified that "Section 455 does not, on its own, authorize the reopening of closed litigation. . . . [Instead,] Federal Rules of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment." 486 U.S. at 863 (footnote omitted). I therefore construe Mr. Baker's motion as one to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b). *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally").

Relief under Rule 60(b) is discretionary. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Rule lists six grounds for relief from a judgment or order. Only the sixth ground—the catch-all category—is applicable here. *See* Fed. R. Civ. P. 60(b)(6) (applying the rule to "any other reason that justifies relief"). "Rule [60(b)(6)] does not particularize the factors that justify relief, but . . . it provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice, while also cautioning that it should only be applied in extraordinary circumstances." *Liljeberg*, 486 U.S. at 863-64 (internal citations and quotation marks omitted).

4

Following the challenge brought by Mr. Baker and reassignment of this case to me, it is incumbent upon me to review the case *de novo*[1] to confirm that no error affected Mr. Baker's substantial rights. An error under § 455(b) occurred when Judge Jackson failed to disclose the funds ownership and recuse from the case immediately upon its having been drawn to him by the Clerk's Office. The purpose of my review is to determine whether that error was prejudicial to Mr. Baker.[2]

I first note that Judge Jackson made no substantive ruling whatsoever regarding the claims against Wells Fargo—he stayed the case pending arbitration pursuant to agreements between Mr. Baker and Wells Fargo. Second, I note that the bulk of the findings and conclusions in this case are contained in Magistrate Judge Wang's unbiased Recommendation, which was later adopted by the Court. Because Mr. Baker failed to object to that Recommendation, he has

---

[1] A *de novo* review means the reviewing court "uses the trial court's record but reviews the evidence and law without deference to the trial court's rulings." *Appeal De Novo*, Black's Law Dictionary (11th ed. 2019).

[2] In considering violations of 28 U.S.C. § 455(a), the Supreme Court has directed courts to consider "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg*, 486 U.S. at 864; *see also Harris v. Champion*, 15 F.3d 1538, 1571 (10th Cir. 1994) (extending *Liljeberg* analysis to violations of § 455(b)). In conducting my review, I draw a careful distinction between the usual standard of "harmless error," i.e., an error or defect that does not affect a party's substantial interest, and the factors articulated by the Supreme Court. I do so because any violation of § 455 causes harm to the integrity of the judicial process and can impair public confidence in the judicial system even when it is promptly corrected. Afterall, "[t]here are few characteristics of a judiciary more cherished and indispensable to justice than the characteristic of impartiality." *United States v. Greenspan*, 26 F.3d 1001, 1007 (10th Cir. 1994). However, under the circumstances here—in particular, Judge Jackson's lack of awareness of the grounds for disqualification during the time he presided over the case—and in the interest of finality, my review is focused on whether Judge Jackson's belated disclosure of his or his wife's interest in Wells Fargo funds was prejudicial to Mr. Baker. *See Liljeberg*, 486 U.S. at 873 (Rehnquist, C.J., dissenting) ("[A] very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.").

waived any objections to the findings and conclusions therein.[3] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."). The only substantive ruling not encompassed by the Recommendation is the denial of Mr. Baker's Motion for Default Judgment. I consider that now.

When a party against whom judgment is sought fails "to plead or otherwise defend [itself], and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A "court may set aside an entry of default for good cause." *Id*. 55(c). Only after the clerk's entry of default can a default judgment enter. *Id*. 55(b). Default judgments are disfavored "as a penalty for delays in filing or other procedural error." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

Here, the denial of the Motion for Default Judgment was appropriate because the Clerk of the Court had not yet entered default and, even if he had, Blue FCU had a legitimate excuse for filing a late response. On the same day Mr. Baker filed his Motion for Default Judgment, Blue FCU moved for an extension of time to respond to the complaint. In its motion, Blue FCU explained it had discovered the federal complaint the previous day; before that, Blue FCU "made

---

[3] The Tenth Circuit has adopted a firm waiver rule by which a party's failure to object to a magistrate judge's findings or recommendations in a timely manner waives appellate review of both factual and legal questions. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). In the case of a pro se litigant such as Mr. Baker, the rule is only applied when the litigant has been apprised of the consequences of a failure to object. *Id*. Mr. Baker was so apprised by Magistrate Judge Wang. *See* Recommendation of U.S. Magistrate Judge at 15 n.10. An exception to the rule is made "when the interests of justice so dictate." *Moore*, 950 F.2d at 659. Assuming without finding that the interests of justice require a *de novo* review on my part, I find the Recommendation comprehensive and well-reasoned, and I consider Judge Jackson's adoption of the Recommendation to be proper. I cannot conceive of any judge rejecting or modifying it.

the false assumption" that the federal complaint was a duplicate of the state complaint because "the two Complaints [were] nearly identical in appearance." Mot. for Extension of Time at 2, ECF No. 15. Blue FCU was given until January 24, 2020, to respond to the complaint, and it did so in a timely manner. *See* Letter Regarding Anticipated Mot. to Dismiss, ECF No. 25. Thus, even if Mr. Baker had sought and received an entry of default as Rule 55 requires, good cause existed for setting the entry aside. Judge Jackson's denial of Mr. Baker's Motion for Default Judgment was both procedurally and substantively proper.

Upon completion of an independent and comprehensive review of the orders and rulings in this case, I find that Judge Jackson made no discretionary rulings or subjective determinations that favored Defendants. The Judge's legal conclusions are unassailable. As such, Mr. Baker could not have been harmed by Judge Jackson's untimely recusal and the extraordinary relief Mr. Baker now seeks is not justified. *See Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191-92 (10th Cir. 2018) ("A Rule 60(b) motion for relief from judgment is an extraordinary remedy and may be granted only in exceptional circumstances." (citations omitted)). Consequently, Mr. Baker's Motion to Vacate (ECF No. 57) is DENIED.

DATED this 18th day of January, 2022.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE